11-3550
Ndiaye v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of September, two thousand twelve.

PRESENT:
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
   CHRISTOPHER F. DRONEY,
     *Circuit Judges.*

_____

OMAR NDIAYE,
   *Petitioner,*

   v.           11-3550-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:   Theodore Vialet, New York, New York.

FOR RESPONDENT:   Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Omar Ndiaye, a native and citizen of Mauritania, seeks review of an August 15, 2011, decision of the BIA reversing the March 5, 2009, decision of Immigration Judge ("IJ") Helen Sichel, granting his application for asylum. *In re Omar Ndiaye*, No. 078 642 291 (B.I.A. Aug. 15, 2011), *rev'g* No. A078 642 291 (Immig. Ct. N.Y. City Mar. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ndiaye challenges the BIA's vacatur of the IJ's grant of asylum. Because the IJ found that Ndiaye demonstrated past persecution, and the BIA did not reverse that finding, he benefitted from the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(I); *see also Baba v. Holder*, 569 F.3d 79, 86

2

(2d Cir. 2009); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 105 (2d Cir. 2006). However, the regulations require the agency to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1); *see also* id. § 1208.16(b)(1) (setting forth application of presumption for withholding of removal).

Here, the BIA reasonably concluded that the government established a fundamental change in circumstances through the U.S. Department of State 2007 Country Report on Human Rights for Mauritania which stated that "[t]he new government acted quickly to address the country's most serious human rights problems, [including] preparations for the repatriation of thousands of Afro-Mauritanians living as refugees in Senegal and Mali following their expulsion during ethnic tensions and violence in 1989-91." *Admin. R. at 3, 198*; *see Ba v. Mukasey*, 539 F.3d 1265, 1268-69 (10th Cir. 2008) (2004 and 2005 Country Reports stating that government was cooperating with repatriation of Afro-

3

Mauritanian refugees from Senegal, inter alia, rebutted presumption of well-founded fear of persecution of Afro-Mauritanian petitioner who was persecuted by the White Moors in 1989). *But* cf. *Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007) (finding insufficient the BIA's conclusion that "the current situation in Mauritania has improved dramatically" without reasoning or citation to any supporting facts). The BIA also did not err in citing the more recent 2009 Mauritania Country Report of which it took administrative notice, which indicated that the national reconciliation program for the repatriation of Afro-Mauritanian refugees from Senegal and Mali conducted, in coordination with the Office of the United Nations High Commissioner for Refugees, was successfully concluded. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.4 (2d Cir. 2002) ("It is well-settled that the BIA has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution.").

Ndiaye's argument that the government has not established a fundamental change in circumstances because the Country Reports also indicate ongoing struggles for Afro-Mauritanians related to political participation and

4

civil rights in general, is unpersuasive as political disenfranchisement and racial discrimination are not persecution. *Ivanishvilli v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (noting that harm must rise above "mere harassment" to constitute persecution). Indeed, all of Ndiaye's evidence was from 2002 or earlier; thus there is no objective evidence that he would still be subject to persecution in Mauritania. *Ba*, 539 F.3d at 1266-67 (a showing of possible future discrimination does not establish a fear of future persecution). Moreover, the BIA did not err in relying solely on State Department Country Reports for evidence of current country conditions, as there was no other evidence presented. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006); *cf. Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004) (noting that remand may be appropriate "where the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts"). Accordingly, as the agency reasonably concluded that the government overcame Ndiaye's presumption of a well-founded fear of future persecution, it did not err in denying his application for asylum and withholding of removal. 8 C.F.R.

5

§§ 1208.13(b)(1)(I), 1208.16(b)(1).  We have considered all of Ndiaye's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk